UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMAN BRAXTON,<br><br>                    Plaintiff,<br><br>        v.<br><br>STEPHANIE A. AREND, *et al.*,<br><br>                    Defendants. | CASE NO. 3:18-cv-05882-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: June 7, 2019 |

      This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff, proceeding *pro se*, initiated this matter in October 2018. *See* Dkt. 1. Because plaintiff has failed to timely update his address, the undersigned recommends dismissing this action without prejudice.

      Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. If mail sent to a *pro se* plaintiff by the Clerk is returned, and if plaintiff fails to notify the Court and opposing parties of his current

REPORT AND RECOMMENDATION - 1

mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. LCR 41(b)(2); *see also* Fed. R. Civ. P. 41(b)(2).

Plaintiff responded to this Court's order to show cause or amend his complaint on January 7, 2019, but then failed to timely respond to the February 19, 2019, order to show cause or amend his amended complaint. *See* Dkts. 5, 6. Instead, the February show cause order was returned to the Clerk, stamped with "NOT HERE" "RETURN TO SENDER." Dkt. 7. The Court ordered plaintiff to update his address and warned plaintiff that it would recommend dismissal of this action without prejudice if plaintiff failed to update his address by May 6, 2019. *See* Dkt. 8, at 2. Plaintiff has not responded to the order to update his address or otherwise taken further action in this matter. As such, this matter should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 7, 2019,** as noted in the caption.

Dated this 21st day of May, 2019.

J. Richard Creatura
United States Magistrate Judge